UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MITCHELL ELLERBE,
    Plaintiff,

                                       PRISONER
    v.                          CASE NO. 3:12-cv-580(MPS)

CORRECTIONAL OFFICER JASION, et al.,
    Defendants.

### INITIAL REVIEW ORDER

    The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut ("Northern"), has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Correctional Officers Jasion and Tye, Captain Butkiewicus, Correctional Treatment Officer Diciccio, Disciplinary Hearing Officer Pensavalle, Disciplinary Investigator Krob, Deputy Warden Powers, Counselor Supervisor Davis, Grievance Coordinator Peterson, Director of Classification Lynn Milling, District Administrator Michael Lajoie and Deputy Commissioner Dzurenda.

    Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on July 15, 2010, Officers Jasion and Tye used excessive force against him while he was handcuffed. Officer Jasion issued the plaintiff a ticket for assaulting an officer. The plaintiff was transported to another cell and placed in restraints, including a tether chain attached at this waist. He was unable to stand up straight and was forced to use the toilet in restraints. The plaintiff remained in in-cell restraints for three

days.

Investigator Krob failed to take down the plaintiff's statement about the use of force by Officer Jasion, and Advocate DiCioccio failed to call any witnesses at the disciplinary hearing. The plaintiff attended a disciplinary hearing on August 4, 2010. Disciplinary Hearing Officer Pensavalle refused to permit the plaintiff to have witnesses testify at the hearing and no evidence was offered of the camera footage of the incident. Officer Pensavalle found the plaintiff guilty and sanctioned him to thirty days punitive segregation, ninety days loss of commissary and ninety days loss of telephone privileges. District Administrator Lajoie denied the plaintiff's appeal of the guilty finding.

The plaintiff underwent an administrative segregation hearing on September 3, 2010. Hearing Officer Griggs failed to review the camera footage of the incident. Several days after the hearing, the plaintiff received notice that he had been placed on administrative segregation. Director Milling approved the plaintiff's placement on administrative segregation. Deputy Commissioner Dzurenda denied the plaintiff's appeal. The plaintiff seeks declaratory and injunctive relief and monetary damages.

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). The plaintiff has failed to state a claim upon which relief may be granted as to

defendants Powers, Peterson, Butkiewicus and Davis.

## I. Deputy Warden Powers

The plaintiff alleges that as of September 20, 2010, he was unable to make telephone calls.  A correctional officer informed him that he was still on loss of phone privileges.  The plaintiff alleges that Department of Correction officials incorrectly calculated the time periods during which he should have been on loss of telephone privileges.  The plaintiff filed a grievance regarding this issue on October 24, 2010.  Deputy Warden Powers responded to the grievance and explained to the plaintiff that his loss of telephone sanctions were in effect for certain periods of time beginning in July 2010 and ending in early December 2010 and that records reflected that the plaintiff attempted to make five phone calls during the period from July 15, 2010 to October 25, 2010 and received a legal call on October 26, 2010.  The plaintiff does not allege that he appealed the disposition of the grievance.

The only allegations against Deputy Warden Powers relate to her failure to respond to a written request from the plaintiff regarding the outcome of the disciplinary hearing and her response to his grievance regarding his telephone sanctions.  These allegations fail to state a claim of a violation of the plaintiff's federally or constitutionally protected rights.  The claims against Deputy Warden Powers are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

## II. Grievance Coordinator Peterson

There are no allegations in the body of the complaint as to

Grievance Coordinator Peterson.  In the section of the complaint entitled Legal Claims, the plaintiff includes a paragraph that states Grievance Coordinator Peterson failed to investigate administrative remedies and signed level one grievances.  There are no specific allegations against defendant Peterson or identification of any grievances that defendant Peterson allegedly signed.  These allegations fail to state a claim upon which relief may be granted and are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

**III. Counselor Supervisor Davis and Captain Butkiewicus**

The plaintiff alleges that Counselor Supervisor Davis was in charge of classifying him after he successfully completed the administrative segregation program.  The plaintiff claims that the Inmate Handbook states that after an inmate successfully completes administrative segregation, he should be returned to phase two of the Security Risk Group Threat Member ("SRGTM") program.  The plaintiff alleges that Captain Butkiewicus failed to properly classify him into phase two of the SRGTM program.  These claims relate to alleged violations of a Department of Correction Inmate Handbook.  As such, the do not constitute violations of a federally or constitutionally protected right.  The claims against defendants Davis and Butkiewicus are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

**IV.  Remaining Defendants**

The court concludes that the allegations in the complaint state plausible claims of excessive force and denial of due process against defendants Jasion, Tye, Diciccio, Pensavalle, Krob,

5

Milling, Lajoie and Dzurenda.  To the extent that plaintiff asserts section 1983 claims against these defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The section 1983 claims for money damages against defendants Jasion, Tye, Diciccio, Pensavalle, Krob,  Milling, Lajoie and Dzurenda in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## ORDERS

The court enters the following orders:

(1)  All claims against defendants Powers, Peterson, Davis and Butkiewicus are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The claims for money damages against defendants Jasion, Tye, Diciccio, Pensavalle, Krob,  Milling, Lajoie and Dzurenda in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The claims of excessive force and denial of due process shall proceed against defendants against defendants Jasion, Tye, Diciccio, Pensavalle, Krob, Milling, Lajoie and Dzurenda in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.

(2)  Within fourteen (14) days of this Order, the U.S.

Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this Order on defendants Jasion, Tye, Diciccio, Pensavalle, Krob, Milling, Lajoie and Dzurenda in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)  Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Jasion, Tye, Diciccio, Pensavalle, Krob, Milling, Lajoie and Dzurenda and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) Defendants Jasion, Tye, Diciccio, Pensavalle, Krob, Milling, Lajoie and Dzurenda shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Hartford, Connecticut this 1st day of February, 2013.

\_\_\_/s/_____
MICHAEL P. SHEA
UNITED STATES DISTRICT JUDGE